FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2003 DEC -5 P 4: 53

DISTRICT OF UTAH

BY_____
DEPUTY CLERK

Elizabeth R. Loveridge, #6025
Reid W. Lambert #5744
David A. Nill, #8784
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358
Tel: (801) 364-1100

Attorneys for the Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**ARTISTIC OUTDOORS LANDSCAPE, INC.**<br>TIN: 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<br><br>Debtors. | Bankruptcy No. 01-38295 WTT<br>Chapter 7<br>Judge William T. Thurman |
| ELIZABETH R. LOVERIDGE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BASE FINANCIAL SERVICES–UTAH, INC., a Utah corporation; RALPH SIVERSTEN, an individual; JACK TURNER, an individual, and REED L. BENSON, an individual,<br><br>Defendants. | Adversary Proceeding<br>No. _____ |

**COMPLAINT**

1

Elizabeth R. Loveridge, Trustee of the Chapter 7 Estate of Artistic Outdoors Landscape, Inc., Trustee, by and through counsel, Woodbury & Kesler, P.C., complains of Base Financial Services–Utah, Inc., Ralph Silversten, Jack Turner, and Reed L. Benson as follows:

## PARTIES

1. Artistic Outdoors Landscaping, Inc. ("Artistic") is a former Utah corporation, and the chapter 7 debtor.

2. Plaintiff Elizabeth R. Loveridge is the chapter 7 trustee ("Trustee") of the bankruptcy estate of Artistic, having been appointed on January 1, 2002.

3. Defendant Base Financial Services–Utah, Inc. ("Base Financial") is a Utah Corporation with its principal place of business in Salt Lake County, State of Utah.

4. Defendant Ralph Silversten ("Silversten") is an individual, who upon information and belief, resides in Salt Lake County, State of Utah.

5. Defendant Jack Turner ("Turner") is an individual, who upon information and belief, resides in Salt Lake County, State of Utah.

6. Defendant Reed L. Benson ("Benson") is an individual, who upon information and belief, resides in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

7. The Trustee incorporates herein all other factual allegations of this Complaint.

8. This adversary proceeding arises out of and relates to the chapter 7 bankruptcy case of Artistic Outdoors Landscaping, Inc., case no. 01-38295 currently pending in the United States Bankruptcy Court for the District of Utah, Central Division.

9. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(E), (F) and (H).

10. The United States Bankruptcy Court for the District of Utah, Central Division, has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and D.U.Civ.R. 83-7.1, the general order of reference.

11. Venue is proper in the District of Utah, Central Division pursuant to 28 U.S.C. §1409.

12. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and 11 U.S.C. §§ 547, 548 and 550.

## GENERAL FACTUAL ALLEGATIONS

13. The case was commenced by the filing of a voluntary petition under chapter 7 of the U.S. Bankruptcy Code on December 7, 2001.

14. On January 8, 2002 Elizabeth Rose Loveridge was appointed permanent Trustee.

15. Silversten, Turner, and Benson are officers of Base Financial.

16. At all times relevant hereto, Silversten, Turner, and Benson were principals and the control persons of Base Financial.

17. Upon information and belief, the Trustee alleges that Silversten, Turner and Benson should be held individually and personally liable for the obligations of Base Financial for reasons including the following:

    (a) At all relevant times, Silversten, Turner, and Benson were and have been the alter ego of Base Financial. Base Financial has been

3

undercapitalized and equity demands that the corporate shield of Base Financial be disregarded and that Silversten, Turner, Benson and Base Financial be considered one and the same.

(b) Shortly after receiving the transfer from Artistic, Silversten, Turner, and Benson allowed Base Financial's corporate status with the State of Utah to lapse.

(c) Base Financial's corporate status expired on April 29, 2002.

(d) Silversten, Turner and Benson, as officers for Base Financial, are trustees of the assets of Base Financial.

(e) Silversten, Turner and Benson were transferees of the payments described herein as defined in 11 U.S.C. § 550(a)(2).

### FIRST CAUSE OF ACTION
(Avoidance of Fraudulent Transfer - 11 U.S.C. §§ 548 and 550)

18. The Trustee incorporates herein all other factual allegations of this Complaint.

19. During the one year prior to the date of the filing of the petition, Base Financial, Silversten, Turner and Benson received transfers from Artistic in the form of payments made to Base Financial as may be proven at trial, but which included at least check No. 1403 dated April 15, 2001 in the amount of $100,800.00.

20. The transfers set forth in paragraph 21 were fraudulent as to the creditors of Artistic, in that they were made with actual intent to hinder, delay, or defraud the creditors of Artistic.

21. In the alternative, the transfers were fraudulent as to creditors of Artistic, in that said transfers were for less than reasonably equivalent value while Artistic was insolvent, or Artistic became insolvent as a result of said transfers.

22. Pursuant to 11 U.S.C. § 548 and § 550, the Trustee on behalf of the bankruptcy estate of Artistic Outdoors is entitled to avoid said fraudulent transfers as fraudulent and recover from Base Financial, Silversten, Turner and Benson, jointly and severally, the value of said transfers in the sum of $100,800.00 for the benefit of the bankruptcy estate.

### PRAYER FOR RELIEF

WHEREFORE the Trustee prays for the following:

1. On the First Cause of Action, for judgment avoiding transfers pursuant to 11 U.S.C. §§549 and 550 and awarding the Trustee a money judgment against Base Financial, Silversten, Turner and Benson, jointly and severally, in the amount of $100,800.00, or such other amount as may be proven at trial, together with pre and post-judgment interest at the applicable legal rates, all costs incurred in this proceeding, and such further relief as the Court deems just and proper.

DATED this 5th day of December, 2003.

WOODBURY & KESLER, P.C.

Reid W. Lambert
Attorneys for Elizabeth R. Loveridge,
Chapter 7 Trustee

5

Elizabeth R. Loveridge
Chapter 7 Trustee for
Artistic Outdoors Landscaping, Inc.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

T\Artistic\Adv\Base-Complaint